**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-2513-WJM-KMT

CHARLES REINHARDT,
ROSEANNE BERNARD,
LAURA BERTRAND,
NOEL BERTRAND,
ROBERT GARRETT,
CAROLE GARRETT,
WILLIAM HART,
MICHELLE DAVIS,
LORETTA MARSH,
DONNA MILLS,
RODEL MIRANDA,
JANE ROE,
K.O.B.,
M.E.B.,
A.M.B.,
E.M.B.,
RICHARD BURNS,
KATHY ROE,
J.D.,
E.D.,
M.D., and
DANNY O. DANIELS,

      Plaintiffs,

v.

MARCELO KOPCOW,
RICK MAEMISCH,
ERIN JEMISON,
MARY BAYDARIAN,
CARL BLAKE,
ALLISON BOYD,
A. MERVYN DAVIES,
CHERYL DAVIES,
JESSICA CURTIS,
AMY FITCH,
JEFF GEIST,
MISSY GURSKY,
PEGGY HEIL,

WILLIAM HILDEBRAND,
NANCY JOHNSON,
JHEFF JENKS,
DIANNA LWYER-BROOK,
TOM LEVERSEE,
RICHARD BEDNARSKI,
JOHN ODENHEIMER,
JESSICA MEZA,
ANGEL WEANT,
MIMI SCHEUERMANN, and
DOUG STEPHENS,

       Defendants.

---

## ORDER DENYING IN PART PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND SETTING BRIEFING SCHEDULE ON MOTION FOR PRELIMINARY INJUNCTION

---

Plaintiffs bring this action alleging that certain aspects of the State of Colorado's Sex Offender Management Plan ("SOMP") violate the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.  (Am. Compl. (ECF No. 9) pp. 46-49.)  Plaintiffs seek a declaration that the Defendants' actions violated the Constitution, an injunction preventing future violations, and certain Plaintiffs seek nominal monetary damages.  (*Id*. at 54.)

On September 24, 2013, Plaintiffs Glenn Fisher, Cherry Fisher, J.F., L.F.,[1] Nikolas Winder, and Scott Winder filed a Motion for Preliminary Injunction and Temporary Restraining Order against Defendants Sheila Montoya, Valerie Estrada, and John Davis ("Motion").  (ECF No. 11.)  For the reasons set forth below, the Motion is denied to the extent it seeks a temporary restraining order, and a briefing schedule is

---

[1]  J.F. and L.F. are Glenn and Cherry Fisher's minor children.

set on the request for a preliminary injunction.

## I.  MOTION FOR TEMPORARY RESTRAINING ORDER

Federal Rule of Civil Procedure 65(b)(1) governs a request for a temporary

restraining order and provides:

> The court may issue a temporary restraining order without
> written or oral notice to the adverse party or its attorney only
> if:
>
> (A) specific facts in an affidavit or a verified complaint clearly
> show that immediate and irreparable injury, loss, or damage
> will result to the movant before the adverse party can be
> heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made
> to give notice and the reasons why it should not be required.

Here, Plaintiffs' Motion fails to address the immediacy aspect.  Plaintiffs allege

irreparable harm, but do not allege that such harm will occur before Defendants can be

heard in opposition.  As such, Plaintiffs have failed to meet their burden of showing that

a temporary restraining order should be granted.

Accordingly, Plaintiffs' Motion is denied to the extent they seek a temporary

restraining order under Rule 65(b).

## II.  MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs' Motion also includes a request for a preliminary injunction.  (ECF No.

11.)  While, as set forth above, the Court finds that Plaintiffs have failed to show the

requisite immediacy necessary to satisfy Rule 65(b), the Court acknowledges the

significant concerns and injuries set forth in the Motion, and the need for quick action

on the Motion.  Accordingly, the Court will set an abbreviated briefing schedule on the

Motion and will give it priority in the Court's docket.  After the Court has received

Defendants' responses to the Motion, it will consider the need to hold any hearing on

the Motion.

## III.  CONCLUSION

For the reasons set forth above, the Court hereby ORDERS as follows:

1. Plaintiffs' Motion for Preliminary Injunction and Temporary Restraining Order (ECF No. 11) is DENIED to the extent it seeks a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b) but remains pending to the extent it seeks a preliminary injunction;

2. Plaintiff SHALL SERVE all Defendants with a copy of the Amended Complaint, Summons, and Motion (including supporting documentation), and this Order at the earliest possible date;

3. Any Defendant that has already been served or has waived service shall file a responsive pleading and a response to the Motion (to the extent it pertains to them) not later than **October 2, 2013**;

4. Any Defendant who has not yet been served shall file a responsive pleading and a response to the Motion (to the extent it pertains to them) not later than 7 DAYS after service is effectuated or a waiver of service is executed; and

5. Once the Court has received all briefing from the Parties, it will determine whether a hearing on the Motion is necessary.

Dated this 25th day of September, 2013.

BY THE COURT:

_____
William J. Martinez
United States District Judge