**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-2513-WJM-KMT

CHARLES REINHARDT,
ROSEANNE BERNARD,
LAURA BERTRAND,
NOEL BERTRAND,
ROBERT GARRETT,
CAROLE GARRETT,
WILLIAM HART,
MICHELLE DAVIS,
LORETTA MARSH,
DONNA MILLS,
RODEL MIRANDA,
JANE ROE,
K.O.B.,
M.E.B.,
A.M.B.,
E.M.B.,
RICHARD BURNS,
KATHY ROE,
J.D.,
E.D.,
M.D., and
DANNY O. DANIELS,
GLENN FISHER,
J.F.,
L.F.,
CHERRY FISHER,
NIKOLAS WINDER, and
SCOTT WINDER,

    Plaintiffs,

v.

MARCELO KOPCOW,
RICK MAEMISCH,
ERIN JEMISON,
MARY BAYDARIAN,
CARL BLAKE,
ALLISON BOYD,
A. MERVYN DAVIES,

CHERYL DAVIES,
JESSICA CURTIS,
AMY FITCH,
JEFF GEIST,
MISSY GURSKY,
PEGGY HEIL,
WILLIAM HILDEBRAND,
NANCY JOHNSON,
JHEFF JENKS,
DIANNA LWYER-BROOK,
TOM LEVERSEE,
RICHARD BEDNARSKI,
JOHN ODENHEIMER,
JESSICA MEZA,
ANGEL WEANT,
MIMI SCHEUERMANN, and
DOUG STEPHENS,

    Defendants.

and

Civil Action No. 13-cv-2860-WJM-MEH

NIKOLAS WINDER,

    Plaintiff,

v.

JOHN SUTHERS, in his official capacity, Colorado Attorney General,
SHEILA MONTOYA, in her personal and official capacity, and
TIMOTHY GRIFFITH,

    Defendants.

## ORDER *SUA SPONTE* CONSOLIDATING CASES

On September 15, 2013, twenty-two Plaintiffs filed Case Number 1:13-cv-2513

(the "Original Action") challenging certain aspects of the State of Colorado's Sex

Offender Management Plan ("SOMP").  (Original Action, ECF No. 1.)  An Amended Complaint was filed on September 22, 2013, which added certain additional Plaintiffs, including Nikolas Winder.  (Original Action, ECF No. 9.)  On October 22, 2013, Plaintiffs moved for leave to file a second amended complaint.  (Original Action, ECF No. 49.)  Defendants opposed the motion (Original Action, ECF No. 63), and it is still pending before the Court.  Therefore, the Amended Complaint is the operative pleading in the Original Action.

On October 20, 2013, Nikolas Winder filed a separate action, Civil Case Number 1:13-cv-2860 (the "Winder Action"), against John Suthers, Colorado's Attorney General, and Sheila Montoya and Timothy Griffith, probation officers supervising Mr. Winder, alleging that these Defendants were violating Mr. Winder's right to counsel by attempting to bar his attorney from attending meetings with his probation officer.  (Winder Action, ECF No. 1.)  Mr. Winder's Complaint acknowledges that the claims raised therein are related to the Original Action, but alleges that the filing of a separate action was necessary because the Attorney General's office was "resisting Plaintiffs' motion to amend the Complaint in [the Original Action]" and Mr. Winder's denial of counsel claim was not properly before the Court until the Original Action's complaint could be amended.  (*Id.*)

Contemporaneous with the filing of the Complaint in the Winder Action, Mr. Winder sought injunctive relief enjoining Sheila Montoya and Timothy Griffith from barring Mr. Winder's counsel's attendance at his probation meetings.  (Winder Action, ECF No. 3.)  Two days later, in the Original Action, Sheila Montoya filed a Motion for Protective Order asking the Court to enter an order "that prevents the presence of

Plaintiffs' counsel at Mr. Winder's probation meetings so long as Ms. Montoya is a named party to this lawsuit." (Original Action, ECF No. 52.) As a result of these filings, the issue of whether counsel is permitted to attend Mr. Winder's meetings with his probation officers is pending before the Court in both the Original Action and the Winder Action.

Pursuant to Federal Rule of Civil Procedure 42(a), the Court has wide discretion to order the consolidation of cases that have a common question of law or fact, and may act *sua sponte*. *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978); *see also Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. Wright & A. Miller, Federal Practice & Procedure § 2381 at 427 (2nd ed. 1995)).

According to Plaintiffs in the Original Action, the only reason that the Winder Action was filed was to put an issue before the Court in a timely manner. Mr. Winder recognizes, and indeed has acknowledged, that the Winder Action is related to the Original Action. The inter-relatedness of the Original Action and the Winder Action is evident in the fact that the Court has motions pending in both cases on the same issue, *i.e.*, whether Mr. Winder's counsel is permitted to attend his probation meetings. As such, there is no doubt that the cases involve common issues of both fact and law, and that consolidation would preserve both the parties' and the Court's time and resources.

Accordingly, the Court hereby ORDERS as follows:

1. Civil Cases 1:13-cv- 2513 and 1:13-cv-2860 are CONSOLIDATED.  Because it is the lower numbered case, all future filings shall be made in 1:13-cv-2513;

2. No later than **November 19, 2013**, Plaintiffs (including Mr. Winder) shall file in 1:13-cv-2513, a consolidated complaint which includes **all** claims raised by the Plaintiffs in both Cases 1:13-cv-2513 and 1:13-cv-2860.  This consolidated complaint shall become the operative complaint in the consolidated action;

3. Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 49 in 1:13-cv-2513) is DENIED AS MOOT based on the fact that the Court has ordered Plaintiffs to file an amended complaint;

4. The Clerk shall reassign Case Number 1:13-cv-2860 to Magistrate Judge Kathleen M. Tafoya.

Dated this 5th day of November, 2013.

BY THE COURT:

William J. Martinez
United States District Judge