IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–02513–WJM–KMT
  (*Consolidated with* 13–cv–02860–WJM–KMT)

CHARLES REINHARDT,
ROSEANNE BERNARD,
LAURA BERTRAND,
ROBERT GARRETT,
CAROLE GARRETT,
NOEL BERTRAND,
ARMANDO GONZALEZ-CASTILLO,
WILLIAM HART,
MICHELLE DAVIS,
LORETTA MARSH,
DONNA MILLS,
RODEL MIRANDA,
JANE ROE,
K.O.B., (by her next friend and mother Jane Roe),
M.E.B., (by her next friend and mother Jane Roe),
A.M.B., (by her next friend and mother Jane Roe),
E.M.B., (by her next friend and mother Jane Roe),
RICHARD BURNS,
KATHY ROE,
J.D., (by his next friend and mother Kathy Roe),
E.D., (by his next friend and mother Kathy Roe),
M.D., (by his next friend and mother Kathy Roe),
DANNY DANIELS, SR.,
GLENN FISHER,
J.F., (by and through his next friend Cherry Fisher),
L.F., (by and through her next friend Cherry Fisher),
CHERRY FISHER,
NIKOLAS WINDER, and
SCOTT WINDER,

  Plaintiffs,

v.

MARCELO KOPCOW (in his official capacity as SOMB Board Member),

RICK RAEMISCH, in his official capacity as the Executive Director of the Colorado Department of Corrections,
ANDREA BENNETT-BAILY (personal capacity),
DR. GLENN E. NIEBLING (personal capacity),
JAMES VINING (personal capacity),
SHEILA MONTOYA (personal and official capacities),
JOHN DAVIS (personal capacity),
VALERIE ESTRADA (personal and official capacities),
ERIN JEMISON (in her official capacity as SOMB Board Member),
MARY BAYDARIAN (official capacity as SOMB Board Member),
CARL BLAKE (in his official capacity as SOMB Board Member),
ALLISON BOYD (in her official capacity as SOMB Board Member),
A. MERVYN DAVIES (in his official capacity as SOMB Board Member),
CHERYL DAVIES (in her official capacity as SOMB Board Member),
JESSICA CURTIS (in her official capacity as SOMB Board Member),
AMY FITCH (in her official capacity as SOMB Board Member),
JEFF GEIST (in his official capacity as SOMB Board Member),
MISSY GURSKY (in her official capacity as SOMB Board Member),
PEGGY HEIL (in her official capacity as SOMB Board Member),
WILLIAM HILDEBRAND (in his official capacity as SOMB Board Member),
NANCY JOHNSON (in her official capacity as SOMB Board Member),
JEFF JENKS (in his official capacity as SOMB Board Member),
DIANNA LWYER-BROOK (in her official capacity as SOMB Board Member),
TOM LEVERSEE (in his official capacity as SOMB Board Member),
RICHARD BEDNARSKI (in his official capacity as SOMB Board Member),
JOHN ODENHEIMER (in his official capacity as SOMB Board Member),
JESSICA MEZA (in her official capacity as SOMB Board Member),
ANGEL WEANT (in her official capacity as SOMB Board Member),
MIMI SCHEUERMANN (in her official capacity as SOMB Board Member),
DOUG STEPHENS (in his official capacity as SOMB Board Member), and
JOHN AND JANE DOES 1-20, in their personal capacities,

     Defendants.

## **AMENDED ORDER RESETTING RULE 16(b) SCHEDULING CONFERENCE AND RULE 26(f) PLANNING MEETING**

This case has been referred to Magistrate Judge Kathleen M. Tafoya by District Judge William J. Martinez, pursuant to the Order of Reference filed September 17, 2013.  *See* 28 U.S.C. §636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b).

**IT IS HEREBY ORDERED:**

(1)  The court shall hold a Fed. R. Civ. P. 16(b) scheduling and planning conference on

> **January 14, 2014, at**
> **9:45 a.m. (Mountain Time)**.

The conference shall be held in Courtroom C-201, Second Floor, of the Byron Rogers U.S. Courthouse, 1929 Stout Street, Denver, Colorado.  If this date is not convenient for any party[1], he or she shall file a motion to reschedule the conference to a more convenient time.  **Please remember that anyone seeking entry into the Byron Rogers United States Courthouse will be required to show valid photo identification.  See D.C.COLO.LCivR 83.2B.**

A copy of instructions for the preparation of a scheduling order and a form scheduling order can be downloaded from the Court's website at www.cod.uscourts.gov/CourtOperations/RulesProcedures/Forms  (Scroll down to the bold heading "Standardized Order Forms").  Parties shall prepare the proposed scheduling order in accordance with the Court's form.

The parties shall submit their proposed scheduling order, pursuant to District of Colorado Electronic Case Filing ("ECF") Procedures V.5.12., on or before:

> **5:00 p.m. (Mountain Time) on**
> **January 7, 2014.**

Attorneys and/or *pro se* parties not participating in ECF shall submit their proposed scheduling order on paper to the Clerk's Office.  However, if any party in the case is participating in ECF, it is the responsibility of that party to submit the proposed scheduling order pursuant to the District of Colorado ECF Procedures.

---

[1]The term "party" as used in this Order means counsel for any party represented by a lawyer, and any *pro se* party not represented by a lawyer.

3

The plaintiff shall notify all parties who have not yet entered an appearance of the date and time of the scheduling/planning conference, and shall provide a copy of this Order to those parties.

(2)  In preparation for the scheduling/planning conference, the parties are directed to confer in accordance with Fed. R. Civ. P. 26(f), on or before:

**December 24, 2013.**

The court strongly encourages the parties to meet face to face, but should that prove impossible, the parties may meet by telephone conference.  All parties are jointly responsible for arranging and attending the Rule 26(f) meeting.

During the Rule 26(f) meeting, the parties shall discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, make or arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1), and develop their proposed scheduling/discovery plan.  The parties should also discuss the possibility of informal discovery, such as conducting joint interviews with potential witnesses, joint meetings with clients, depositions via telephone, or exchanging documents outside of formal discovery.

In those cases in which:  (i) the parties' substantive allegations involve extensive computer-generated records; (ii) a substantial amount of disclosure or discovery will involve information or records in electronic form (*i.e.,* e-mail, word processing, databases); (iii) expert witnesses will develop testimony based in large part on computer data and/or modeling; or (iv) any party plans to present a substantial amount of evidence in digital form at trial, the parties shall confer regarding steps they can take to preserve computer records and data, facilitate computer-based discovery and who will pay costs, resolve privilege issues, limit discovery costs and delay, and avoid discovery disputes relating to electronic discovery.  The parties shall be prepared to discuss these issues, as appropriate, in the proposed Scheduling Order and at the scheduling and planning conference.

These are the minimum requirements for the Rule 26(f) meeting.  The parties are encouraged to have a comprehensive discussion and are required to approach the meeting cooperatively and in good faith.  The parties are reminded that the purpose of the Rule 26(f) meeting is to expedite the disposition of the action, discourage wasteful pretrial activities, and improve the quality of any eventual trial through more thorough preparation.  The discussion of claims and defenses shall be a substantive, meaningful discussion.

The parties are reminded that pursuant to Fed. R. Civ. P. 26(d), no discovery shall be sought prior to the Rule 26(f) meeting.

(3)  The parties shall comply with the mandatory disclosure requirements of Fed. R. Civ. P. 26(a)(1) on or before:

**January 7, 2014.**

Counsel and parties are reminded that mandatory disclosure requirements encompass computer-based evidence which may be used to support claims or defenses.  Mandatory disclosures must be supplemented by the parties consistent with the requirements of Fed. R. Civ. P. 26(e).  Mandatory disclosures and supplementation are not to be filed with the Clerk of the Court.

(4)  All parties are expected to be familiar with the United States District Court for the District of Colorado Local Rules of Practice (D.C.COLO.LCivR.).  Copies are available from Office of the Clerk, United States District Court for the District of Colorado, or through the District Court's web site: www.cod.uscourts.gov.

All out-of-state counsel shall comply with D.C.COLO.LCivR. 83.3 prior to the Scheduling/Planning Conference.

Dated this 7th day of November, 2013.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge