**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-2513-WJM-KMT

CHARLES REINHARDT,
NIKOLAS WINDER, and
SCOTT WINDER, *et al.*

    Plaintiffs,

v.

JOHN SUTHERS,
SHEILA MONTOYA, and
TIMOTHY GRIFFITH, *et al.*,

    Defendants.

---

**ORDER RESERVING RULING ON PLAINTIFF NIKOLAS WINDER'S
MOTION FOR PRELIMINARY INJUNCTION AND DEFENDANT
SHEILA MONTOYA'S MOTION FOR PROTECTIVE ORDER**

---

This consolidated civil action involves a challenge to the constitutionality of certain aspects of the State of Colorado's implementation of its sex offender management policies and protocol. (*See* ECF No. 81.) On October 20, 2013, Plaintiff Nikolas Winder ("Plaintiff") filed a Motion for Preliminary Injunction asking the Court to enjoin Defendants John Suthers, Sheila Montoya, and Timothy Griffith ("Defendants") from preventing Plaintiff's privately retained attorney, Allison Ruttenberg, from attending Plaintiff's probation meetings. (Civil Action No. 1:13-cv-2860[1], ECF No. 3 p. 12.) On October 22, 2013, Defendant Montoya, Plaintiff's probation officer, filed a Motion for Protective Order that "prevents the presence of Plaintiffs' counsel [Ms. Ruttenberg] at

---

[1] The Motion for Preliminary Injunction was filed in Civil Action No. 1:13-cv-2860, which the Court *sua sponte* consolidated with the above-captioned matter.

Mr. Winder's probation meetings". (ECF No. 52 at 14.)

In papers filed after these Motions, the parties have represented to the Court that the requirement for Plaintiff to meet with his probation officer and answer intensive questioning has been waived, and that Plaintiff has been permitted to simply check-in with his probation officer on a weekly basis. (*See* ECF No. 52-1 at 10.) Thus, the parties appear to have voluntarily created a work-around that has alleviated the need for immediate Court action on the pending motions.

Additionally, multiple filings suggest that Plaintiff's probationary term was set to expire on December 31, 2013. (*See* ECF No. 78 at 8.) The Court has learned that Defendants have taken the position that Plaintiff is still on probation, but there appears to be some effort to resolve this issue through the Virginia state courts. (*Id.*) If Plaintiff is discharged from probation, the instant Motions will be moot. It would be a waste of judicial resources for the Court to devote the resources necessary to resolve the Motions, only to have the Plaintiff be released from probation.

Finally, Plaintiff has also suggested that, should Defendants resume the practice of requiring him to meet with his probation officers and answer their questions, he is willing to obtain an attorney other than Ms. Ruttenberg. (*See* ECF No. 52-1 at 13.) This accommodation on the part of the Plaintiff would essentially moot the request for a protective order, because Defendant Montoya's basis for her motion is that Ms. Ruttenberg should not be permitted to attend probationary meetings with Ms. Montoya because she is opposing counsel on this case. This argument would obviously hold no weight if the attorney who accompanied Plaintiff to his probationary meetings was not involved in this action. Again, it would be a waste of judicial resources for the Court to

devote its time to the Motion for Protective Order when it can be so easily mooted.

Accordingly, the Court hereby notifies the parties that, in the absence of some material change in circumstances, it does not intend to address either Plaintiff's Motion for Preliminary Injunction or Defendant Montoya's Motion for Protective Order on an expedited basis.  The parties' positions at the heart of these Motions do not appear irreconcilable, and the Court strongly encourages the parties to work together and alleviate the need for any Court intervention on this issue.

Dated this 14th day of January, 2014.

BY THE COURT:

William J. Martinez
United States District Judge